UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTWAN KEVIN BAKER,<br><br>                Plaintiff,<br>    v.<br>BUSSELL, *et al.*,<br><br>                Defendants. | Case No. 2:17-cv-01616-JCM-GWF<br><br>ORDER |

**I.    DISCUSSION**

On May 7, 2018, this Court issued a screening order that dismissed the complaint with prejudice. (ECF No. 6). On June 15, 2018, Plaintiff filed a document he called a "rebuttal motion." (ECF No. 10). The Court construes this motion as a motion for reconsideration of its May 7, 2015 screening order.[1]

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court

---

[1] It is unclear whether Plaintiff wishes to file a notice of appeal. The Court does not construe this document as a notice of appeal. If Plaintiff wishes to appeal, he must file a notice of appeal in a different document.

1

already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court finds no grounds to reconsider its screening order. Accordingly, the motion for reconsideration is denied.

**II.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the "rebuttal motion" (ECF No. 10) is construed as a motion for reconsideration.

IT IS FURTHER ORDERED that the motion for reconsideration (ECF No. 10) is denied.

DATED June 21, 2018.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

2